IN RE APPLICATION OF MINNEAPOLIS STREET RAILWAY
COMPANY TO FIX RATES OF FARE.
CITY OF MINNEAPOLIS v. MINNEAPOLIS
STREET RAILWAY COMPANY.[1]

May 14, 1954.

No. 36,263.

---

[1]Reported in 64 N. W. (2d) 499.

*Clarence O. Holten, James E. Dorsey,* and *Dorsey, Colman, Barker, Scott & Barber,* for appellant.

*John F. Bonner,* City Attorney, *Montreville J. Brown, Benno F. Wolff,* and *Oppenheimer, Hodgson, Brown, Baer and Wolff,* for respondent.

KNUTSON, JUSTICE.

This is a companion case to that of St. Paul City Ry. Co. v. City of St. Paul, 242 Minn. 188, 64 N. W. (2d) 487, in which a decision, controlling on the issues raised here, is filed as of this date. In this case, the trial court came to the opposite result from that reached by the trial court in the St. Paul case. The court found and determined that the rate, which was the same as in the St. Paul case, was unlawful and unreasonable and set it aside for the reason that the railroad and warehouse commission had failed to find fair value of the property of the company and a reasonable rate of return. The trial court was of the opinion that, inasmuch as the commission had failed to find fair value and reasonable rate of return thereon, the rate established was void and that the court, on appeal, could not make such findings. We hold in the St. Paul case that in this the court was in error. The trial court also indicated in its memorandum that the evidence adduced was insufficient to permit a finding of these facts.

In view of the fact that our former decisions have never passed upon this question, we can readily understand how there could be such divergent views on the part of the two courts. The evidence is substantially of the same nature in both cases. Based on the rules we have now announced in the St. Paul case, it should be possible to make a final disposition of this case. It is therefore remanded to the trial court for the purpose of making findings of fact as to the fair value of the property and reasonable rate of return as the statute requires and, having made such findings, to determine whether the rate established by the railroad and warehouse commission is lawful, based on the rules stated in the St. Paul case.

Reversed.